EDWARD R. WOOD, RELATOR, v. THE TOWNSHIP OF
BUENA VISTA ET AL.

Submitted November 6, 1907—Decided February 24, 1908.

1. The title lodged in the township by virtue of a deed taken under
   section 9 of the act approved May 18th, 1898 (*Pamph. L., p.*
   451), as amended in 1902 (*Pamph. L., p.* 555), is in fee-simple,
   absolute, free and discharged from any estate in or lien upon the
   same in favor of any person made a party to the proceedings.
2. The money arising from a sale of lands held by a township by
   virtue of a deed taken under section 9 of the act approved May
   18th, 1898 (*Pamph. L., p.* 451), as amended in 1902 (*Pamph. L.,*
   *p.* 555), belongs to the township, and no part of it is required to
   be paid into the Circuit Court.

On application for *mandamus.*

Before Justices SWAYZE and TRENCHARD.

For the relator, *Edwin F. Miller.*

For the defendants, *Royal P. Tuller.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an application for a writ of *man-*
*damus* to compel the township committee of the township of
Buena Vista, in the county of Atlantic, and the tax collector
thereof, to pay over to the clerk of the Circuit Court of the
county of Atlantic moneys alleged to be surplus moneys aris-
ing from tax sales of property of the relator, Edward R.
Wood.

It appears from the state of the case that land of the re-
lator in Buena Vista township was sold for past-due taxes
October 24th, 1905, by virtue of an order of the Circuit Court
of the county of Atlantic, under the provisions of an act ap-
proved May 18th, 1898 (*Pamph. L., p.* 442) ; that the land
was bought in by the township in its corporate name; that a

certificate of sale was duly delivered by the collector to the township, and was held by it until the time for redemption had expired, as provided by the act, when a deed was executed by the collector therefor in fee-simple, and was delivered to the township; that subsequently the township, by resolution, directed the collector to sell the land at public sale, and the same was purchased by the Millville Improvement Company for $535, being $426.46 in excess of the amount due the township when the lands were purchased by it.

This surplus the relator claims, but we think he is not entitled thereto.

The act of 1898, under which the sale for past-due taxes was made, provides that the purchaser shall receive from the collector a certificate of sale, and further provides, as will be presently pointed out, that the township may become the purchaser.

Section 8 of the act (*Pamph. L.* 1898, *p.* 451) provides that "if said lands have not been redeemed within six months from the date of the certificate of sale, the collector of taxes, at the expiration of said six months, upon the surrender of the certificate, shall execute  *  *  *  and deliver to such purchaser, his heirs or assigns, a deed of conveyance for said lands in fee-simple, absolute, free, and discharged from any estate in or lien upon the same in favor of any person made a party to the proceedings hereinabove provided for."

Section 9 of the same act, as amended by *Pamph. L.* 1902, *p.* 555, provides that "the  *  *  *  township  *  *  *  may become the purchaser in its corporate name at any sale of lands under this act, to the same effect as any other purchaser, and at the expiration of the period for redemption shall be entitled to a deed for the lands purchased by it, and in all cases where such lands shall be bought by the  *  *  *  township  *  *  *  it shall be lawful for the township committee  *  *  *  to sell and assign the certificate of sale, or to sell and convey such property, or any part thereof, by good and sufficient deeds of conveyance; such sale of any property so purchased by the  *  *  *  township  *  *  *  shall be at public auction, and shall be at such times as may be ordered

and directed by resolution of the township committee * * * the collector of taxes shall make sale of such lands at some public place within the * * * township * * * first giving notice of the time and place of such sale by advertisement in a newspaper circulating in said * * * township * * * for at least four weeks consecutively, once a week, and by posting the same in five public places of the * * * township * * * at least four weeks before such sale; * * * and the property so advertised shall be then sold to the highest bidder therefor (and upon payment of the purchase price the purchaser shall be entitled to have a deed of conveyance for said lands in fee-simple, absolute, free from all taxes, liens and assessments prior to said sale)."

The necessity for the legislation which resulted in conferring upon municipalities broad powers to enforce the collection of unpaid taxes is familiar.

Since a municipal corporation can purchase and hold lands only for such purposes as are authorized in its charter (*State* v. *Commissioners,* 3 *Zab.* 510), and cannot buy land at a tax sale (cases collected in 15 *Am. & Eng. Encycl. L.* 1059), it became necessary to vest this power in the municipality by statute, as was done by section 9 of the act of 1898, and as amended in 1902.

By thus enabling the township to purchase at a tax sale, to take a certificate and later a deed, to sell or assign the certificate, and to sell and convey the property by good and sufficient conveyance, the legislature clearly expressed an intention of vesting in the township a title "in fee-simple, absolute, free, and discharged from any estate in or lien upon the same in favor of any person made a party to the proceedings," to lands so conveyed to it by deed.

But it is contended by the relator that nevertheless, upon sale by the township of the land so held by deed, the purchase-money in excess of the amount due the township for taxes, &c., must be returned to the hands of the clerk of the Circuit Court for the benefit of the relator, and that to this extent the township holds the property as trustee.

We see no force in such contention.

The claim is based upon the provisions of section 12 of the act of 1898 (*Pamph. L., p.* 452), which reads as follows:

"All moneys received upon sales, in pursuance of this act, shall be held by the collector of the * * * township * * * until the expiration of the time for redemption herein provided for, and thereupon the surplus, if any, remaining in any case, after deducting the amount of taxes, assessments, interest, costs and disbursements due to the * * * township * * * shall be paid over by the collector to the clerk of the Circuit Court of the county, subject to the further order of said Circuit Court."

But clearly that section relates only to moneys received from sales for past-due taxes made by the collector on the order of the Circuit Court. It provides that the moneys shall be held "until the expiration of the time for redemption herein provided for." The only period of redemption provided is six months from the date of the certificate, and if at the end of the period for redemption the property is not re-. deemed, then the collector is directed to deliver "the surplus, if any, remaining in any case, after deducting the amount of the taxes," &c. (amount due when purchased), to the clerk of the Circuit Court of the county. In no part of the act is the collector directed to hold any funds after the period of redemption has expired, or to hold and distribute the money arising from sales under section 9. Upon the delivery of the deed by the collector after the period of redemption has expired, as has been pointed out, the title became absolute in the purchaser, and the fact that the surplus money must be returned into court is an indication of the character of the title. When the time for redemption has expired, and the surplus money, if any, has been paid into court, the collector's duties with relation to the Circuit Court are brought to an end. While the act in section 9 provides in what manner the township may dispose of its holdings, it does not provide within what time the sale shall take place, there being no limitation in that regard, which is a clear indication that there can be no duty attaching to it to return any portion of

the funds derived from such sale to the original owner of the land.

We conclude therefore—

*First.* That the title lodged in the township by virtue of a deed taken under section 9 of the act of 1898, as amended in 1902, is in fee-simple, absolute, free, and discharged from any estate in or lien upon the same in favor of any person made a party to the proceedings.

*Second.* That the money arising from a sale of land so held by the township belongs to the township, and no part of it is required to be paid into the Circuit Court.

The rule to show cause is discharged, and a writ of *mandamus* refused, with costs.